UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

FREDERICK JONES,                         :

            Plaintiff,       :

     - against -                        :        **MEMORANDUM DECISION**

NEW YORK CITY HOUSING AUTHORITY,         :        05 Civ. 8104 (DC)
LOCAL 237, I.B.T., and DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT,        :

           Defendants.      :

- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   (See last page)

**CHIN, D.J.**

     In this case, pro se plaintiff Frederick Jones sues defendants New York City Housing Authority ("NYCHA"), Local 237, International Brotherhood of Teamsters ("Local 237"), and the United States Department of Housing and Urban Development ("HUD") under various civil rights laws.  Defendants move to dismiss the complaint.  For the reasons set forth below, the motions are granted.

### STATEMENT OF THE CASE

**A.   The Facts**

     As alleged in the complaint, the facts are as follows:

     Plaintiff is employed by NYCHA as a maintenance worker. He is assigned to South Jamaica Houses.  (Compl. ¶ 2).  He is a "30 percent service connected disabled veteran."  (Id. ¶ 7).  The complaint does not provide any details as to plaintiff's military record or his alleged disability.  But see Jones v. Dep't of Army

Bd. for Corr. of Military Records, No. 99 Civ. 4423 (DC), 2000 WL 890377, at *1 (S.D.N.Y. June 30, 2000) (noting plaintiff in United States Army from May 6, 1980 (when he enlisted) through January 29, 1981 (when he was discharged)), aff'd mem., 7 Fed. Appx. 29 (2d Cir. 2001); Jones v. N.Y. City Hous. Auth., No. 94 Civ. 3364 (DC), 1996 WL 556995, at *3 (S.D.N.Y. Oct. 1, 1996) (granting NYCHA's motion for summary judgment dismissing employment discrimination claims because reasonable jury could only find, inter alia, that plaintiff lacked emotional and mental stability to work with colleagues, supervisors, and tenants).

On September 7, 2005, two supervisors asked to speak to plaintiff in one of their offices for disciplinary purposes. He asked to have a union representative present. The supervisors attempted to coerce him into the office without union representation. (Compl. ¶ 3).

NYCHA has denied plaintiff certain training necessary to his advancement. (Id. ¶ 4). Plaintiff asked for authorization to take an outside course on lead-based paint inspection and abatement. NYCHA denied the request, telling plaintiff that the course was "not consistent with the job requirement[s] of a maintenance worker." NYCHA told plaintiff that he could enroll in the course at his own expense on his own time. (Id. ¶ 4 & Ex. A).

A supervisor advised plaintiff that NYCHA would be giving employees "a time and motion exam" to evaluate their work performance. The exam (or notice thereof) was being given to

plaintiff and other employees without regard to their "limitations or disabilities." (Id. ¶ 5). NYCHA refused to accommodate the limitations and disabilities of another employee, a caretaker, to enable him to retain his employment. (Id. ¶ 6).

NYCHA receives federal funds from HUD. NYCHA does not provide counseling, advocacy, or outreach programs for veterans. Nor does NYCHA provide disabled veterans with recruitment, training, advancement, or promotional opportunities. (Id. ¶ 8).

Plaintiff is a union shop steward "employed with" Local 237. (Id. ¶ 9). Local 237 has failed to represent disabled veterans and disabled union members; it has failed to force NYCHA to comply with federal disability discrimination laws; it does not provide members with veterans' and disabled veterans' advocacy, legal assistance, benefits, outreach, employment, recruitment, training, advancement, apprenticeship, and other programs. (Id. ¶¶ 11-13).

HUD has failed to monitor Local 237 and NYCHA and has failed to force them to comply with applicable law. (Id. ¶¶ 14-15).

B. **Prior Proceedings**

Plaintiff commenced this action on September 20, 2005. His complaint purports to assert claims under 42 U.S.C. § 1983; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRAA"), 38 U.S.C. § 4211 et seq.; and the Uniform Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq.

(Compl. at 1). Local 237 filed an answer on October 12, 2005. Thereafter, the three defendants filed separate motions to dismiss, contending that plaintiff has failed to state claims upon which relief may be granted.

**DISCUSSION**

1. **NYCHA**

The complaint appears to allege claims of employment discrimination against NYCHA based on his disability and status as a veteran. (Compl. ¶¶ 1-8). The claims fail.

First, although the complaint alleges that plaintiff is a "30 percent service connected disabled veteran," it does not identify his purported disability. Plaintiff makes no effort to allege that he suffers from a "disability" within the meaning of the Rehabilitation Act or the Americans with Disabilities Act. See Stone v. City of Mt. Vernon, 118 F.3d 92, 96 (2d Cir. 1997).

Second, the complaint fails to provide any information with respect to plaintiff's military service. It is unclear whether and, if so, how he is protected by USERRA or VEVRAA. Moreover, it appears from decisions dismissing other cases brought by plaintiff that he served in the Army for some eight months more than twenty-five years ago. It is hard to imagine how this military service could be the basis for any claim now.

Third, the complaint fails in any event to allege any actionable adverse employment action. An adverse employment action is a "materially adverse change in the terms and conditions of employment." Galabya v. N.Y. City Bd. of Educ.,

202 F.3d 636, 640 (2d Cir. 2000) (internal quotation omitted). "'To be materially adverse' a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Id. (quoting Crady v. Liberty Nat'l Bank & Trust Co., 993 F.2d 132, 136 (7th Cir. 1993)); see Knight v. City of N.Y., 303 F. Supp. 2d 485, 496 (S.D.N.Y. 2004), aff'd mem., 147 Fed. Appx. 221 (2d Cir. 2005).  Here, the complaint alleges only that plaintiff's supervisors tried to meet with him without a union representative present; NYCHA refused to let him take a course on the handling of lead paint at NYCHA's expense and on NYCHA's time; a supervisor told him that employees would be given a "time and motion" test, without regard for their "limitations or disabilities"; and NYCHA does not provide veterans and disabled veterans with programs, training, and support.  These simply are not adverse actions actionable under the employment discrimination laws, as they were not materially adverse changes in the terms and conditions of plaintiff's employment.

Finally, the complaint fails to allege that similarly situated non-disabled or non-veteran employers were treated more favorably than plaintiff.  The complaint does not allege that similarly situated non-disabled or non-veteran employees received training or programs or support comparable to the training, programs, or support plaintiff claims he should have received.

Accordingly, the claims against NYCHA fail to state a claim upon which relief may be granted.

2.  **Local 237**

   The complaint alleges in essence that Local 237 failed, as the union, to represent disabled veterans and disabled members properly by failing to ensure that NYCHA complied with federal law and failed to provide veterans and in particular disabled veterans with programs, training, assistance, and support. (Compl. ¶¶ 9-13).

   These allegations do not state a cognizable claim. For the reasons stated above, plaintiff has not properly alleged an employment discrimination claim. Plaintiff has also failed to adequately allege a claim for breach of a union's duty of fair representation, for he has not alleged any conduct by Local 237 that can be characterized as so unreasonable as to be arbitrary, discriminatory, or in bad faith. See, e.g., Spellacy v. Airline Pilots Ass'n-Int'l, 156 F.3d 120, 127 (2d Cir. 1998), cert. denied, 536 U.S. 1017 (1999). Nor is Local 237 a "state actor" for purposes of a claim under 42 U.S.C. § 1983. See Dimps v. Dist. Counsel 37, AFSCME, No. 01 Civ. 1735 (DC), 2002 WL 206992, at *3 (S.D.N.Y. Feb. 8, 2002).

   Accordingly, the claims against Local 237 fail to state a claim upon which relief may be granted.

   3.  **HUD**

   The complaint alleges that HUD has failed to monitor NYCHA and Local 237 and has failed to force them to comply with federal, state, city, and local law. (Compl. ¶¶ 14-15). These

claims also fail to state a claim upon which relief may be granted.

As an initial matter, plaintiff has named the wrong federal agency.  The federal substantive statutes at issue -- the Rehabilitation Act, USERRA, and VEVRAA -- are within the domain not of HUD but of the Departments of Education, Labor, Defense, and Veterans Affairs.  See 20 U.S.C. § 3441(a)(4)(A) (transferring responsibilities under Rehabilitation Act from Secretary of Health, Education, and Welfare to Secretary of Education); 29 U.S.C. § 793(b) (giving Secretary of Labor responsibility to enforce certain provisions of Rehabilitation Act pertaining to affirmative action for individuals with disabilities); 38 U.S.C. § 4333 ("The Secretary [of Labor], the Secretary of Defense, and the Secretary of Veterans Affairs shall take such actions as such Secretaries determine are appropriate to inform persons entitled to rights and benefits under [USERRA] and employers of the rights, benefits, and obligations of such persons and such employers . . . .").

In addition, it does not appear that the United States has waived its sovereign immunity for claims such as this, and thus this Court lacks subject matter jurisdiction over the claims against the United States.  See United States v. Sherwood, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued.").  None of the statutes cited by plaintiff provides for a waiver of sovereign immunity in circumstances such as this, where a disabled veteran

is suing a federal agency to force the United States to ensure that an employer complies with federal and local law.

Finally, to the extent the complaint can be construed as a mandamus petition seeking to compel an officer of the United States to perform a duty, 28 U.S.C. § 1361, the claim must be dismissed, for plaintiff has not shown a clear right to the relief sought, a plainly defined and peremptory duty to perform the act sought, or the unavailability of any other adequate remedy. See Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989).

Accordingly, the claims against HUD also fail to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are granted. The complaint is dismissed, with prejudice. The Clerk of the Court shall enter judgment accordingly.

SO ORDERED.

Dated: New York, New York
April 25, 2006

DENNY CHIN
United States District Judge

**APPEARANCES:**

For Plaintiff:

    FREDERICK JONES
    Plaintiff Pro Se
    107-05 Sutphin Boulevard, Apt. 2D
    Jamaica, New York  11435


For New York City Housing Authority:

    RICARDO ELIAS MORALES, Esq.
    General Counsel
    New York City Housing Authority
      By:  Steven J. Rappaport, Esq.
          Donna M. Murphy, Esq.
    250 Broadway
    New York, New York  10007


For Local 237:

    MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
      By:  Barry J. Peek, Esq.
          Jordan Rossen, Esq.
    1350 Broadway, Suite 501
    New York, New York  10018


For Department of Housing and Urban Development:

    MICHAEL J. GARCIA, Esq.
    United States Attorney for the
      Southern District of New York
      By:  Matthew L. Schwartz, Esq.
          Assistant United States Attorney
    86 Chambers Street
    New York, New York  10007